**YAN XIANG ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–0601–ag.**

United States Court of Appeals, Second Circuit.

July 31, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Jill E. Zengler, Assistant United States Attorney, Shelese Woods, Civil Appellate Counsel, for Susan W. Brooks, United States Attorney for Southern District of Indiana, Indianapolis, IN, for Respondent.

Present JON O. NEWMAN, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Yan Xiang Zhu, through counsel, petitions for review of BIA Member Fred

Hess's summary affirmance of Immigration Judge ("IJ") Roxanne C. Hladylowycz's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Xiang Zhu,* No. A 78 296 624 (BIA Jan. 24, 2005), *aff'g* No. A 78 296 624 (Immig. Ct. N.Y. City Oct. 2, 2003). We assume that the parties are familiar with the facts, procedural history and issues on appeal.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, and reverses only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and must not be "based on speculation or conjecture." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quotation marks omitted).

The IJ found Zhu not credible for the following reasons: (1) the IJ found it implausible that Zhu was never fined for her refusal to appear for a birth control exam; (2) the IJ found it implausible that the authorities, when they finally caught Zhu, would test for pregnancy the way Zhu described, *i.e.,* by first examining her physically before testing her urine; (3)

Zhu failed to provide sufficient detail as to how she was able to escape from the exam; and (4) Zhu's father's letter, submitted as evidence, failed to mention Zhu's allegation that the authorities briefly detained Zhu's mother when Zhu refused to appear for an exam. The BIA, although it did not explicitly reject the IJ's second reason, mentioned only the other three reasons in its affirmance.

We find that the IJ's reasons are insubstantial and, accordingly, remand. The IJ's first ground may be a valid reason for skepticism, but could not, standing alone, support an adverse credibility finding. The IJ's second reason is rank speculation. Neither we nor the IJ have the slightest idea how Chinese doctors perform pregnancy exams and, specifically, whether they might conduct a physical examination before taking a urine sample. The IJ's third reason is insignificant. It would not have been obvious to Zhu that she should describe this incident in greater detail, nor did the IJ or counsel for the Department of Homeland Security press her to elaborate. Finally, the IJ's fourth reason is invalid as well. It may have been obvious to the IJ that the authorities' detention of Zhu's *mother* was relevant to Zhu's asylum claim, but there is no reason why Zhu's father would have understood this, as Zhu himself explained when questioned about the "omission."

For the foregoing reasons, Zhu's petition for review is **GRANTED,** the BIA's is **VACATED,** and the case is **REMANDED** for further proceedings in accordance with this order. Having completed our review, Zhu's pending motion for a stay of removal is **DENIED** as moot.